JOSEPH H. BERDEL and Another, Plaintiffs, *v.* WILLIAM J. BERDEL, Individually and as Executor, etc., of LOUISE BERDEL, and H. CYRIL BERDEL and Others, Defendants.

Supreme Court, Monroe County, July 16, 1925.

Wills — construction — will directing occupation of real property by three children with rent free " for and during their respective lives " creates successive life estates, valid for two lives in being as power in trust or passive trust within meaning of Real Property Law, §§ 43, 93 and 99 — will sustained to carry out intention of testatrix and to avoid intestacy.

A provision of a will which directs the occupation of real property by three of testatrix's children with rent free " for and during their respective lives " will be construed as creating successive life estates and is valid for two lives in being as a power in trust or passive trust within the meaning of sections 43, 93 and 99 of the Real Property Law, where such a construction is necessary to carry out the obvious intention of the testatrix in seeking to create a trust for the life use of the said property and to prevent intestacy.

ACTION for partition.

*Albert C. Spann* and *Edward E. Tanner*, for the plaintiffs.

*Spencer* and *Ogden*, for the defendants.

RODENBECK, J.:

This will does not create a lawful express trust. The purposes for which a trust may be created are specified by statute. (Real Prop. Law, § 96.) To permit children to occupy real property rent free during their lives or until they marry is not one of the purposes. The contemplated trust, therefore, fails but if the purpose is lawful the will may be sustained as containing a power in trust. (Id. § 99.) The purposes for which a power in trust may be created are not defined by statute, as in the case of trusts, and such a power may be conferred for purposes other than those for which a trust may be created provided the purpose is not unlawful. (Id. § 131.) The statute provides that where a trust is attempted " the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust." (Id. § 99.) The purpose of the testatrix was not necessarily unlawful. A lawful construction can and should be given the will if possible without violating settled rules of law. It is a legal presumption that the testatrix intended to make a legal disposition. A legal construction is favored, therefore, rather than one that will render the provisions of the will in question illegal and nugatory. (*DuBois* v. *Ray*, 35 N. Y. 162;

*Jacoby* v. *Jacoby,* 188 id. 124; *Mee* v. *Gordon,* 187 id. 400; *Hopkins* v. *Kent,* 145 id. 363.)

There can be no doubt about the intention of the testatrix so far as providing a home for her three children is concerned, who were to use the homestead. The balance of her property she distributed but the homestead she intended three of her unmarried children should occupy rent free, until they married or died. This is clear. She did not intend that her homestead should be sold as sought in this action by the plaintiffs and she did not intend that her son George should inherit as would be the case if the will is construed so as to involve intestacy as to the homestead. The provision as to the occupancy of the homestead during the lives of the three unmarried children is capable of a construction that it suspends the power of alienation for more than two lives in being. (Real Prop. Law, § 42.) Under such a construction the provision would be void *in toto.* (Id. § 42.) " Any limitation or condition " is sufficient to accomplish this result. (Id. § 42.) But it may be construed as an attempt to create successive estates for life in which only " The life estates subsequent to those of the two persons first entitled thereto shall be void." (Id. § 43.)

The will does not say that the life uses shall be successive but that is the effect of the provisions. The three children are to occupy the property rent free " for and during their respective lives " or until they marry and the property is to be distributed " upon the expiration of all of said life uses." The three children are tenants in common in effect. They occupy in theory the whole property and when one dies or marries the remaining children are to occupy the whole property until they die or marry. Under this disposition the devise is good for two lives and void as to the third. One of the three has married and has moved off the property. When the second one dies or marries, the life uses will be at an end and the third life use will be void. (Id. § 43.) Thus the disposition is a lawful one (Id. § 43) but not one that can be covered by an express trust (Id. § 96) but may be executed as a power in trust (Id. § 99), the title vesting in the residuary legatees under the will subject to the execution of the trust as a power. (Id. § 99.)

The same conclusion follows if the attempted trust be treated as a passive trust. (Id. § 93.)

The provisions of the will are, therefore, construed as a power in trust for successive life uses good for two lives in being, the property remaining in and descending to the residuary legatees subject to the execution of the trust as a power and thus the obvious intention of the testatrix is carried out. Ordered accordingly.